## BECKNER v CADILLAC INSURANCE COMPANY

Docket No. 104739. Submitted October 11, 1988, at Lansing. Decided January 5, 1989. Leave to appeal applied for.

Cadillac Insurance Company issued an automobile insurance policy to Russell H. Beckner on January 15, 1986. On March 31, 1986, Cadillac received a letter from Beckner dated March 27, 1986, requesting the cancellation of the policy and a pro-rated refund of the premium paid. On April 7, 1986, Cadillac prepared its formal confirmation of cancellation, noting March 27, 1986, as the effective date of cancellation. Beckner had an accident involving the insured automobile on April 10, 1986. Several lawsuits arising from the accident were subsequently filed against Beckner. LaReva A. Beckner, as guardian of Russell H. Beckner and conservator of his estate, brought an action in Genesee Circuit Court against Cadillac and sought, inter alia, a declaration that under the terms of its policy defendant had a duty to defend Russell H. Beckner in the actions against him. The trial court, Valdemar L. Washington, J., denied a motion for summary disposition in favor of defendant, which had argued that the policy was no longer in force at the time of the accident. On plaintiff's motion for summary disposition, the trial court issued a judgment granting the declaratory relief sought by plaintiff. Defendant appealed by leave granted.

The Court of Appeals *held:*

1. The method of cancellation provided for in an insurance policy is not necessarily exclusive so as to preclude an effective cancellation of the policy by mutual agreement without compliance with the procedure so provided. A policy of insurance may be canceled at any time before loss, by an agreement between the parties, express or implied from the circumstances, independently of the terms of the policy. In this case, cancellation was effectuated despite the fact that the letter requesting

REFERENCES

Am Jur 2d, Insurance § 415 *et seq.*

Express insurance policy provision restricting insurer's right to cancel or otherwise terminate coverage. 19 ALR3d 1429.

cancellation failed to state, as required by the policy provision relating to cancellation, when cancellation was to be effective.

2. Requirement of strict compliance with the policy provision relating to cancellation would contravene the mandate of MCL 500.3020(1)(a); MSA 24.13020(1)(a), which provides that a policy of insurance may be cancelled at any time at the request of the insured.

Reversed.

INSURANCE — CONTRACTS — CANCELLATION OF POLICY.

The method of cancellation provided for in an insurance policy is not necessarily exclusive so as to preclude an effective cancellation of the policy by mutual agreement without compliance with the procedure so provided; a policy of insurance may be canceled at any time before loss, by an agreement between the parties, express or implied from the circumstances, independently of the terms of the policy.

*Milliken, Magee & Yuille* (by *Richard Yuille*), for plaintiff.

*Cooper, Fink & Zausmer, P.C.* (by *Mark J. Zausmer*), for defendant.

Before: BEASLEY, P.J., and GILLIS and W. G. SCHMA,* JJ.

PER CURIAM. On January 15, 1986, defendant, Cadillac Insurance Company, issued an automobile insurance policy to Russell Beckner covering a 1974 Chevrolet. In a letter to defendant, dated March 27, 1986, plaintiff stated as follows:[1]

> Sir, Please cancel this policy. And send my rebate for Policy 446098 Exp 7/15/86 to 1177 Wisner Mt. Morris Mich 48458.
> Thank you,
> Russell H. Beckner

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Russell Beckner himself did not write the letter. His mother, plaintiff LaReva A. Beckner, wrote it. However, it is undisputed that Russell Beckner authorized his mother to write the letter on his behalf.

Defendant received the letter on March 31, 1986. Defendant prepared its formal confirmation of cancellation on April 7, 1986, noting the effective date of cancellation as March 27, 1986, and the reason for the cancellation as "Insured's Request." On April 21, 1986, defendant's agent mailed a premium refund check in an amount prorated to a cancellation date of March 27, 1986. In the meantime, on April 10, 1986, Russell Beckner was involved in an automobile accident while operating the 1974 Chevrolet. Four lawsuits have been filed against Russell Beckner for injuries arising out of that accident. Plaintiff, LaReva A. Beckner, as guardian for Russell H. Beckner, filed the within suit against defendant claiming no-fault benefits and a duty to defend under the policy issued January 15. Defendant moved for summary disposition on grounds that the policy was not in force at the time of the accident. Plaintiff filed a cross-motion for summary disposition. The court denied defendant's motion and granted plaintiff declaratory judgment with respect to coverage. Defendant appeals by leave granted December 11, 1987.

By statute, insurance policies may be cancelled at any time at the request of the insured.[2] Defendant's policy included the following provision regarding cancellation:

> This policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective.

Plaintiff contends that, since the letter requesting cancellation failed to state "when thereafter the cancellation [would] be effective," it was not

---

[2] MCL 500.3020(1)(a); MSA 24.13020(1)(a).

sufficient to effectuate cancellation of the policy. We disagree.

Generally, strict compliance with the policy provisions is necessary as regards termination of an insurance contract.[3] This rule is designed to protect both parties to the insurance contract. However, the rule should not be applied where its application will not serve the purpose of preserving the contract intended by the parties.[4] In *Blekkenk v Allstate Ins Co*,[5] this Court quoted from Anno: *Obtaining new property insurance as cancellation of existing insurance*, 14 ALR4th 781, 783, as follows:

> The method of cancellation provided for in an insurance policy is not necessarily exclusive so as to preclude an effective cancellation of the policy by mutual agreement without compliance with the procedure so provided. Thus, it is well established that a policy of insurance may be canceled at any time before loss, by an agreement between the parties, and that such cancellation may be by the consent of the parties, express or implied from the circumstances, independently of the terms of the policy. On the other hand, it is equally true that in the absence of fraud or misrepresentation, neither party to an insurance contract can withdraw therefrom, or cancel it without the consent, express or implied, of the other.

Thus, in spite of noncompliance with relevant provisions of the insurance contract, mutual agreement or consent may effect cancellation.

We find the reasoning of this Court in *Blekkenk* persuasive and applicable, by analogy, here. In *Blekkenk,* the insured attempted to orally cancel

[3] *Blekkenk v Allstate Ins Co,* 152 Mich App 65, 72; 393 NW2d 883 (1986).

[4] *Id.* at 74.

[5] *Supra.*

his no-fault policy. A provision of the policy required a written cancellation request. The insured was injured subsequent to his oral cancellation, but prior to the insurer's issuance of a check refunding the unused portion of his premium. This Court found the oral cancellation effective. In reaching this conclusion, the Court construed the policy provision's requirement in light of the statutory requirements of MCL 500.3020(1)(a); MSA 24.13020(1)(a).[6] That statute mandates that policies contain a provision to the effect that the policy may be cancelled "at any time at the request of the insured." In *Blekkenk,* the insurer's added requirement that any such request be in writing was found to contravene the statute's dictates, as was the insurer's alternative cancellation requirement, namely, surrender of the policy. Accordingly, those requirements had to give way in the face of the statute's broad mandate.

By the same token, we believe the requirement in defendant's policy that an insured's notice of cancellation state when it is to become effective contravenes and must give way to MCL 500.3020(1)(a); MSA 24.13020(1)(a). Plaintiff's request for notice of cancellation was in accord with the statute, plaintiff intended to cancel, and defendant accepted that cancellation. Accordingly, the cancellation was effective under *Blekkenk.*

The trial court's decision to grant a declaratory judgment in favor of plaintiff was in error, as was its denial of defendant's motion for summary disposition. As a matter of law, plaintiff was without coverage at the time of the accident, and defendant was entitled to summary disposition pursuant to MCR 2.116(C)(10).

Reversed.

---

[6] *Blekkenk, supra,* at 78-80.